**Affirmed and Memorandum Opinion filed October 24, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00853-CV

---

### JOSEPH K. WATTS, RACHEL WATTS, ALEXANDRIA SMITH, AND SCOTT EDWARD SMITH, Appellants

### V.

### STEWART A. FELDMAN, INDIVIDUALLY, THE FELDMAN LAW FIRM LLP, RSL-3B-IL, L.P., RSL-3B-IL MANAGEMENT CORP., RSL-5B-IL MANAGEMENT CORP., RSL-5B-IL, L.P., RSL SPECIAL MANAGEMENT CORP., AND RSL-SPECIAL IV, L.P., Appellees

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-51163**

---

## MEMORANDUM OPINION

In this post-judgment action, judgment creditors asserted fraudulent-transfer claims against the judgment debtors and others. A defendant then filed counterclaims and requested various sanctions against the judgment creditors. The trial court granted the judgment creditors' motion to dismiss the entire case as

moot. Because the appellants have not met the briefing requirements necessary to challenge on appeal one of the grounds in this motion, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2009, appellants/plaintiffs Stewart A. Feldman, individually, The Feldman Law Firm LLP, RSL-3B-IL, L.P., RSL-3B-IL Management Corp., RSL-5B-IL Management Corp., RSL-5B-IL, L.P., RSL Special Management Corp., RSL-Special IV, L.P. (collectively the "Feldman Parties") and others secured a judgment against Joseph K. Watts, Angela M. Watts, and Joseph K. Watts, P.C. (the "Judgment").

In August 2016, the Feldman Parties filed suit in the trial court below against appellants/defendants Joseph K. Watts, Rachel Watts, Alexandria Smith, and Scott Edward Smith (collectively the "Watts Parties") and others, asserting claims under the Texas Uniform Fraudulent Transfer Act and alleging a conspiracy to commit violations of the Texas Uniform Fraudulent Transfer Act. The Feldman Parties also asserted a claim under section 42.004 of the Texas Property Code.

Rachel Watts, Alexandria Smith, and Scott E. Smith answered and sought to recover reasonable and necessary attorney's fees. Joseph Watts answered and requested reasonable and necessary attorney's fees, as well as sanctions under chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13. Joseph Watts also asserted various counterclaims against the Feldman Parties.

The Feldman Parties moved to dismiss the entire case, asserting that if Joseph Watts followed through with the procedure outlined in a September 7, 2017 order, then all issues in the case would become moot (the "Mootness Ground"). On this ground, the Feldman Parties urged the trial court to declare this case moot and dismiss it. The trial court had issued the September 7, 2017 order in a related

2

garnishment action. In that order, the trial court provided that Wells Fargo Bank, N.A. might deposit the proceeds of a June 9, 2017 check into the registry of the court and that if Wells Fargo did so, Wells Fargo would be released and the garnishment would be "lifted." The Feldman Parties asserted that if Joseph Watts followed this procedure, the matters in this fraudulent-transfer case would become moot and ripe for dismissal.

The final order in this case consists of two orders the trial court signed at the same time on September 21, 2017 (the "Final Order"). In the Final Order, the trial court noted that the funds had been paid into the registry of the court and that these funds would be released to the Feldman Parties. The trial court granted the Feldman Parties' motion to dismiss, finding that this matter had become moot and no longer presented a case or controversy. Based on this conclusion, the trial court dismissed this case. The trial court implicitly granted the motion to dismiss based on the Mootness Ground. The Watts Parties have appealed from the Final Order dismissing this case as moot.

## II. ANALYSIS

On appeal, the Watts Parties assert various issues, including "Did the trial court err by dismissing [Joseph Watts's] claims?" The Watts Parties note in their appellate brief that the trial court dismissed this case as moot. They also assert that the trial court erred in dismissing their claims against the Feldman Parties. We conclude that these statements suffice to assign error as to the trial court's dismissal of this case as moot.

An appellant must assign error and present argument supported by adequate briefing. *See Energy Maintenance Servs. Group I, LLC v. Sandt*, 401 S.W.3d 204, 220–21 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Failure to so can operate as a forfeiture of the point on appeal. *See id*.; *Equity Industrial Ltd. P'ship*

3

*IV v. Southern Worldwide Logistics, LLC*, No. 14-14-00750-CV, 2016 WL 1267848, at \*2–\*3 (Tex. App.—Houston [14th Dist.] Mar. 31, 2016, no pet.) (mem. op.). The Watts Parties filed a lengthy appellate brief, yet in the argument section of their brief they mention mootness only twice. In the statement-of-facts section of their brief, the Watts Parties note that the trial court dismissed this case as moot, and then state that "[c]ertainly [the Feldman Parties'] meritless TUFTA[1] claims were moot; [the Watts Parties] had pending counterclaims." In the argument section of their brief, the Watts Parties twice refer to the Feldman Parties' having sought dismissal of all of the parties' claims for mootness. Even under a liberal reading of these references, we cannot conclude that they meet the briefing standards.

The Watts Parties do not state or discuss any legal standard under which courts determine whether a case has become moot. They do not cite any case analyzing a mootness issue. They do not assert that the counterclaims or the requests for sanctions still presented a case or controversy. Nor do they assert that the counterclaims or the requests for sanctions have not become moot.

Though the brief contains one short passage in which the Watts Parties seem to suggest that the Feldman Parties voluntarily dismissed their claims against the Watts Parties under Texas Rule of Civil Procedure 162 and that such a dismissal would not allow the trial court to dismiss pending counterclaims or requests for sanctions, the Feldman Parties did not voluntarily dismiss their claims or argue that the case was moot based on such a dismissal. In this section of their brief, the Watts Parties assert that the counterclaims, requests for fees under the Texas Uniform Fraudulent Transfer Act, and requests for sanctions "may not be summarily dismissed when a plaintiff dismisses its claims." The Watts Parties

---

[1] The term "TUFTA" refers to the Texas Uniform Fraudulent Transfer Act.

then assert that any dismissal under Rule 162 does not prejudice the right of an adverse party to be heard on pending claims for affirmative relief, motions for sanctions, or requests for attorney's fees. The Watts Parties cite two cases for the proposition that a plaintiff's voluntary dismissal of its claims does not result in a dismissal of a defendant's claims for affirmative relief. The record reflects that the Feldman Parties did not voluntarily dismiss their claims; instead, they moved the trial court to dismiss the entire case as moot. The Watts Parties cite no cases or other authority that would apply to the factual and procedural context reflected in our record.

The Watts Parties state that the Feldman Parties "sought dismissal of all the parties' claims on the sole ground of mootness subsequent to payment of the Judgment in the Underlying Suit." Noting that the trial court granted this motion, the Watts Parties then conclude, "[t]hus, the trial court erred in summarily and prejudicially dismissing the [Watts Parties'] claims against [the Feldman Parties] and, thereby, violated their constitutional right to open courts and due process." The Watts Parties cite no authority for this proposition.

In their appellate brief, the Watts Parties provide no legal authorities, argument, or analysis as to any alleged open courts or due process violation based on the Mootness Ground. The record does not reflect that the Watts Parties preserved error in the trial court on any complaint that the trial court's dismissal of the case as moot violated their constitutional right to open courts or due process. The Watts Parties present no analysis or authorities in support of an argument that payment of the funds into the court registry did not make the case moot. Nor do they explain any basis for this court to so conclude.

In their opening brief, the Watts Parties have not provided argument, analysis, or legal authorities in support of a challenge to the Mootness Ground.

5

Even construing their brief liberally, we cannot conclude that the Watts Parties satisfied the briefing requirements. *See Wagley v. Neighborhood Ins. Specialists*, No. 14-16-00859-CV, 2018 WL 2139196, at *7 (Tex. App.—Houston [14th Dist.] May 10, 2018, no pet.) (mem. op.). They have not briefed an argument that the trial court erred in dismissing the case as moot based on the Mootness Ground. *See id*. Their failure to provide adequate appellate briefing operates as a forfeiture on the inadequately briefed point. *See id*. Because the Watts Parties have not briefed any argument challenging an independent ground on which the trial court granted the Feldman Parties' motion to dismiss this case as moot, we overrule the Watts Parties' challenges to the Final Order. *See id.*; *Tooker v. Alief Indep. Sch. Dist.*, 522 S.W.3d 545, 558 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We affirm the Final Order.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.